IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** | ) |
| *Plaintiff* | ) ) ) |
| | ) No. |
| *v.* | ) ) |
| **LUISA M. LOCKE, JOHN S. LOCKE, ESTATE OF RAY F. LOCKE, NEUMA, INC., and SLSF ESCROW SERVICES, LLC.,** | ) ) ) ) |
| *Defendants* | ) ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff, STANDARD INSURANCE COMPANY ("Standard"), by its attorney Jacqueline J. Herring of Smith, von Schleicher & Associates, submits its Complaint for Interpleader pursuant to Fed. R. Civ. P. 22.

### NATURE OF THE ACTION

1. Standard brings this interpleader action to obtain leave to deposit with the Clerk of Court, or other Court ordered escrow representative, the life benefits that are payable under Group Life Insurance Policy No. 649107-A ("Standard Group Policy") by reason of the death of the insured, Ray F. Locke (the "Insured").

### INTERESTED PARTIES

2. Standard is a corporation organized and existing under the laws of Oregon with its principal place of business in Portland, Oregon. Standard is a citizen of Oregon.

3. Defendant Luisa M. Locke ("Luisa Locke") resides in Redwood City, California and is a citizen of California. Luisa Locke is the Insured's mother.

4. Defendant John S. Locke ("John Locke") resides in El Dorado Hills, California and is a citizen of California. John Locke is the Insured's father.

5. Defendant Neuma, Inc. ("Neuma") is an Illinois corporation with its principal place of business located in Skokie, Illinois, and is a citizen of Illinois.

6. Defendant SLSF Escrow Services, LLC ("SLSF Escrow Services") is an Illinois limited liability company with its principal place of business located in Skokie, Illinois, and is a citizen of Illinois.

7. Upon information and belief, the situs of Defendant Estate of Ray F. Locke (the "Estate") is Redwood City, California, and thus, for the purposes of diversity jurisdiction, the Estate is a citizen of California.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. §1335 as two or more adverse claimants and potential beneficiaries are of diverse citizenship under 28 U.S.C. §1332 and may make claim to $500 or more in life insurance proceeds under the Standard Group Policy.

9. Venue is proper pursuant to 28 U.S.C. §1397 because one or more of the defendants resides in this district, and pursuant to 28 U.S.C. §1391(b) because two defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CLAIM FOR INTERPLEADER

### The Standard Group Policy

10. Standard issued the Standard Group Policy to the County of San Mateo, a government entity, providing life insurance coverage to eligible employees of San Mateo County, including the Insured. A copy of the Standard Group Policy is attached as Exhibit A. Standard began providing life insurance to San Mateo County on January 1, 2008. The Standard Group Policy in effect on the date of the Insured's death became effective on January 1, 2012. The Standard Group Policy states that San Mateo County is not an agent of Standard. (Ex. A, pg. 29).

11. Because the Standard Group Policy is issued to a county governmental agency, the Standard Group Policy is exempt from and is not governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

12. The Standard Group Policy provides that if an insured does not name a beneficiary, benefits will be paid in equal shares to the first surviving class of the following classes: 1) spouse, 2) children, 3) parents, 4) brothers and sisters, 5) the estate. (Ex. A, pg. 27-28).

13. The Insured is survived by his mother, Luisa Locke, and his father, John Locke. Upon information and belief, the Insured had no surviving spouse, children, brothers, or sisters as of the date of his death.

### San Mateo County's Prior Reliastar Life Insurance Policy

14. Prior to the issuance of the Standard Group Policy, San Mateo County provided life insurance coverage to its eligible employees under a group life insurance policy, Policy No.

GLH250135 ("Reliastar Policy") issued by Reliastar Life Insurance Company, an affiliate of Northwestern National Life Insurance Company.

15. On June 4, 1998, the Insured signed an Agreement to Designate Absolute Assignee ("Neuma Designation Agreement") naming Neuma as the "absolute assignee of the life insurance policy designated as Policy No. GLH250135 issued by Reliastar Life Insurance Company . . . and owned by [the Insured] and any supplementary contracts issued in connection therewith." A copy of the Neuma Designation Agreement submitted by Neuma to Standard is attached as Exhibit B.

16. On June 9, 1998, the Insured signed an Absolute Assignment of Group Life Insurance Form for the Reliastar Policy ("the Reliastar Assignment"), and assigned the Insured's interest in the Reliastar Policy to Neuma. The Reliastar Assignment noted, "This assignment includes all insurance now in effect, or that may become effective in the future, under the captioned group life policy." The "captioned group life policy" is the Reliastar Policy. A copy of the Reliastar Assignment submitted by Neuma to Standard is attached as Exhibit C.

**Real and Reasonable Fear of Multiple Liabilities**

17. The Insured died on December 6, 2012. At the time of his death, the Insured maintained life insurance coverage under the Standard Group Policy in the total amount of $70,000 (the "Proceeds"), consisting of $20,000 in basic life insurance coverage and $50,000 in additional life insurance coverage. Standard is the holder of the Proceeds due and owing under the terms of the Standard Group Policy.

18. On December 10, 2012, SLSF Escrow Services, through Gordon Schwartz, Escrowee, submitted to Standard a Beneficiary Statement for Life Insurance Benefits, claiming

payment of the Proceeds under the Standard Group Policy. A copy of the December 10, 2012 Beneficiary Statement is attached as Exhibit D. In addition, Standard received a Change Form dated June 30, 2010, in which Neuma purported to change beneficiaries of the Insured's life insurance coverage and designate SLSF Escrow Services as the sole beneficiary. A copy of the Change Form is attached as Exhibit E.

19. By letter dated January 21, 2013, Standard notified Neuma that the Reliastar Assignment only applied to the Reliastar Policy and Neuma lacked the authority to designate SLSF Escrow Services as the beneficiary under the Standard Group Policy. Standard informed Neuma that the Insured did not have a valid Standard Group Policy beneficiary designation on file. A copy of Standard's January 21, 2013 letter is attached as Exhibit F.

20. By letter to Standard dated February 15, 2013, Neuma and SLSF Escrow Services demanded payment of the Proceeds, contending that they are entitled to the Proceeds pursuant to the Reliastar Assignment and the Neuma Designation Agreement. Additionally, Neuma asserted that "there is a resulting trust for the Proceeds . . . because Neuma provided consideration in exchange for the Assignment of the interest in the Policy." A copy of Neuma's and SLSF Escrow Services' February 15, 2013 letter is attached as Exhibit G.

21. There is a dispute with regard to whom the Proceeds of the Standard Group Policy should be paid. Standard is unable to determine who is entitled to the Proceeds and has a real and reasonable fear of exposing itself to multiple liabilities. Due to the competing rights of Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate, an interpleader action is necessary to prevent Standard from being exposed to potential multiple liabilities.

22. Standard is a disinterested stakeholder with respect to whom the Proceeds should be paid. Standard has no legal proprietary interest in the outcome of any dispute that may exist between Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate with respect to their competing rights or claims to the Proceeds. Standard has been unfairly drawn into this dispute and brings this interpleader action as the only recourse to resolve any and all possible disputes among Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate with respect to the payment of the Proceeds of the Standard Group Policy.

23. Standard seeks and has filed a motion to tender to the Clerk of Court, or other Court ordered escrow representative, the Proceeds which are legally due under the terms of the Standard Group Policy. Upon tender of the Proceeds, Standard should be released and dismissed from any further involvement or participation in this litigation. Thereafter, Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate should be required to interplead with each other to determine their respective rights to the Proceeds.

24. Standard has incurred costs and fees to initiate this interpleader action to resolve the competing claims to the Proceeds. Standard requests an award of its costs and reasonable attorneys' fees, to be deducted from the Proceeds prior to deposit with the Clerk of Court.

WHEREFORE, Plaintiff, Standard Insurance Company, respectfully requests entry of judgment as follows:

(i) Permitting Standard to deposit with the Clerk of Court, or other Court ordered escrow representative, the Proceeds of the Standard Group Policy, after deduction of Standard's reasonable attorneys' fees and costs incurred in connection with this interpleader action;

(ii) Directing Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate of Ray F. Locke to litigate or settle among themselves their competing claims to the Proceeds;

(iii)    Restraining and enjoining Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate of Ray F. Locke by Order and Injunction of this Court, from instituting any action or proceeding in any state or federal court against Standard for recovery of the Proceeds of the Standard Group Policy, including any applicable interest or claims related thereto;

(iv)    Dismissing Standard with prejudice from this action and declaring that Standard has no further liability to Luisa Locke, John Locke, Neuma, SLSF Escrow Services, and the Estate of Ray F. Locke with respect to the Insured's coverage under the Standard Group Policy;

(v)    Awarding Standard such other and further relief as this Court deems just, equitable, and proper.

    Respectfully submitted,

| | |
|---|---|
| Jacqueline J. Herring (IL 6282246)<br>SMITH \| VON SCHLEICHER + ASSOCIATES<br>180 North LaSalle St. Suite 3130<br>Chicago, Illinois 60601<br>P 312. 541.0300 \| F 312.541.0933<br>jackie.herring@svs-law.com | By:  */s/ Jacqueline J. Herring*<br>      Attorney for Plaintiff,<br>      Standard Insurance Company |